UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODGERICK SEAN BOOTH #188768, )
)
        Plaintiff, ) Case No. 2:06-cv-120
)
v. ) HON. ROBERT HOLMES BELL
)
LORI PEPPLER, et al., )
) **OPINION**
        Defendants. )
)

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Rodgerick Sean Booth, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Hearings Officer Lori Peppler and Hearings Administrator Richard Stapleton. Plaintiff alleges that on March 11, 2005, Defendant Peppler found Plaintiff guilty of a major misconduct despite the fact that she knew another prisoner's name was signed on the misconduct as the prisoner reviewed. Plaintiff complains that Defendant Peppler assumed Plaintiff had forged another prisoner's signature on the misconduct without any evidence to support such a finding. Plaintiff appealed the misconduct conviction to Defendant Stapleton, who ignored Defendant Peppler's misconduct and denied the appeal. Plaintiff seeks to pursue a "criminal complaint" against the named Defendants.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff's claims against Defendants Peppler and Stapleton are barred by the doctrine of judicial immunity. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Michigan Department of Corrections*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendants Peppler and Stapleton are absolutely immune under the circumstances of this case.

Furthermore, the court notes that the only relief being sought by Plaintiff is a "criminal complaint" against Defendants. A civil rights action is not a proper vehicle for attempting to bring criminal charges. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:      June 9, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT  JUDGE